GEORGE G. MASON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1573. Promulgated July 17, 1944.

*Joseph B. Miller, Esq.*, for the petitioner.
*Clay C. Holmes, Esq.*, for the respondent.

OPINION.

KERN, *Judge*: The question here before us is one which was stated in *Amory L. Haskell*, 46 B. T. A. 164, 176; affd., 133 Fed. (2d) 202; but, in view of our holding on another issue, it required no answer. It is whether a plan of complete liquidation which calls for its execution within the time prescribed by section 115 (c), Revenue Act of 1938,[1] but which is not executed within that time, can be, under any circumstances, a "complete liquidation" within the meaning of that section.

It should be noted that section 115 (c) defines "complete liquidation" for the purposes of that section as including "a series of distributions made by a corporation * * * in accordance with a *bona fide* plan of liquidation and under which the transfer of the property * * * is to be completed within a time specified in the plan, not exceeding, from the close of the taxable year during which is made the first of the series of distributions under the plan, (1) three years

---

[1] SEC. 115. DISTRIBUTIONS BY CORPORATIONS.

    *      *      *      *      *      *      *

   (c) DISTRIBUTIONS IN LIQUIDATION.—Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 111, but shall be recognized only to the extent provided in section 112. Despite the provisions of section 117, the gain so recognized shall be con-

* * * "; while in section 112 (b) (6) (D)[2] of the same revenue act, applicable to the complete liquidation of subsidiary corporations, it is required, as a prerequisite to coming within that section in cases where the distributions are a part of a series, that the series of distributions be "in accordance with a plan of liquidation under which the transfer of all the property * * * is to be completed within three years * * * except that if such transfer is not completed within such period * * * no distribution under the plan shall be considered a distriubtion in complete liquidation."

The legislative history of the two sections of the revenue act above referred to indicates that the proviso attached to section 112 (b) (6) (D) reading "except that if such transfer is not completed within such period * * * no distribution under the plan shall be considered * * * in complete liquidation" was added by amendment made on

---

sidered as a short-term capital gain, except in the case of amounts distributed in complete liquidation. For the purpose of the preceding sentence, "complete liquidation" includes any one of a series of distributions made by a corporation in complete cancellation or redemption of all of its stock in accordance with a bona fide plan of liquidation and under which the transfer of the property under the liquidation is to be completed within a time specified in the plan, not exceeding, from the close of the taxable year during which is made the first of the series of distributions under the plan, (1) three years, if the first of such series of distributions is made in a taxable year beginning after December 31, 1937, or (2) two years, if the first of such series of distributions was made in a taxable year beginning before January 1, 1938. In the case of amounts distributed (whether before January 1, 1938, or on or after such date) in partial liquidation (other than a distribution to which the provisions of subsection (h) of this section are applicable) the part of such distribution which is properly chargeable to capital account shall not be considered a distribution of earnings or profits. If any distribution in complete liquidation (including any one of a series of distributions made by the corporation in complete cancellation or redemption of all its stock) is made by a foreign corporation which with respect to any taxable year beginning on or before, and ending after, August 26, 1937, was a foreign personal holding company, and with respect to which a United States group (as defined in section 331 (A) (2) existed after August 26, 1937, and before January 1, 1938, then, despite the foregoing provisions of this subsection, the gain recognized resulting from such distribution shall be considered as a short-term capital gain—

(1) Unless such liquidation is completed before July 1, 1938; or

(2) Unless (if it is established to the satisfaction of the Commissioner by evidence submitted before July 1, 1938, that due to the laws of the foreign country in which such corporation is incorporated, or for other reason, it is or will be impossible to complete the liquidation of such company before such date) the liquidation is completed on or before such date as the Commissioner may find reasonable. but not later than December 31, 1938.

[2] SEC. 112. RECOGNITION OF GAIN OR LOSS.

* * * * * * *

(b) Exchanges Solely in Kind.—

* * * * * * *

(6) Property received by corporation on complete liquidation of another.—No gain or loss shall be recognized upon the receipt by a corporation of property distributed in complete liquidation of another corporation. For the purposes of this paragraph a distribution shall be considered to be in complete liquidation only if—

* * * * * * *

(D) such distribution is one of a series of distributions by such other corporation in complete cancellation of redemption of all its stock in accordance with a plan of liquidation under which the transfer of all the property under the liquidation is to be completed within three years from the close of the taxable year during which is made the first of the series of distributions under the plan, except that if such transfer is not completed within such period, or if the taxpayer does not continue qualified under subparagraph (A) until the completion of such transfer, no distribution under the plan shall be considered a distribution in complete liquidation.

the floor of the Senate to the corresponding section of the 1936 Revenue Act. No suggestion appears to have been made that a similar proviso should be added to section 115 (c) of either the 1936 Act or the 1938 Act. See Seidman, Legislative History of Income Tax Laws, pp. 241, 246, 60.

It is apparent that the time requirements as to complete liquidation are more flexible in section 115 (c) than in section 112 (b) (6). Under the former section the plan of liquidation must be adopted in good faith and call for the complete transfer of the property of the liquidating corporation within three years after the close of the year in which the first of the series of distributions is made; while the latter section makes no requirement as to the good faith of the plan, but has a definite and absolute provision that if the transfer is not completed within three years no distribution can be considered as a distribution in complete liquidation. This material difference between the two sections of the same act, in both 1936 and 1938, one dealing in general with the liquidation of corporations and the other dealing with the liquidation of subsidiary corporations, indicates that Congress deliberately avoided in drafting section 115 (c) the inflexible time requirement appearing in the proviso which it added to section 112 (b) (6) (D), and that in section 115 (c) the legislative emphasis was placed upon the good faith of the plan to complete the liquidating transfers within three years, rather than on the actual completion of the transfers within the specific time limit. Probably Congress had in mind that unforeseeable events might delay the liquidation of a corporation other than a wholly owned subsidiary corporation, even though when the liquidation was started all of the parties concerned believed in good faith and with reason that it would be completed as planned within two or three years.

In the instant case a plan was adopted in good faith to liquidate the Chesapeake Corporation within three years after the close of the year 1938, when the first distribution was made. At the time the plan was adopted all things pointed to a speedy liquidation. Practically all of the assets were securities and cash, while the corporate liabilities were negligible. Then, over a year after the adoption of the plan, respondent asserted a claim against the corporation in an amount almost equal to the value of all its assets. Until this claim was settled liquidation was impossible. After the claim was settled the liquidation was completed within six months.

We conclude that where, as in the instant case, there is adopted in good faith a plan of complete liquidation calling for liquidating transfers to be completed within the periods set out in section 115 (c), and an unforeseen event occurs after the adoption of the plan which makes the completion of the liquidating transfers impossible within the time

called for by the plan, there is, nevertheless, a compliance with the provisions of section 115 (c).

We do not have before us a situation in which the event referred to makes the completion of the liquidation within the statutory period unpractical rather than impossible, and therefore we do not express our opinion upon such a state of facts.

On the issue before us we decide in favor of petitioner.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

DISNEY and HARRON, *JJ.*, dissent for the same reasons set forth in the former's dissenting opinion in *Mary Dupont Faulkner*, 3 T. C. 1082.